# UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

LAMONTE L. PURIFOY,
        Appellant,

      v.

DEPARTMENT OF VETERANS
   AFFAIRS,
        Agency.

DOCKET NUMBER
CH-0752-14-0185-M-1

DATE: May 16, 2022

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Lamonte L. Purifoy</u>, Milwaukee, Wisconsin, pro se.

<u>Erin Buck Kaiser</u>, Milwaukee, Wisconsin, for the agency.

### BEFORE

Raymond A. Limon, Vice Chair
Tristan L. Leavitt, Member

### FINAL ORDER

¶1     This case is before the Board on remand from the U.S. Court of Appeals for the Federal Circuit. Originally, the administrative judge issued an initial decision mitigating the appellant's removal to a 40-day suspension. Upon the agency's petition for review, the Board reversed the mitigation and reinstated the removal.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

The Federal Circuit vacated the Board's final order and remanded the case for further consideration. For the reasons discussed below, and having considered the issues raised in the court's Opinion and Order, we GRANT the agency's petition for review, REVERSE the initial decision that mitigated the appellant's removal to a 40-day suspension, and REINSTATE the appellant's removal.

## BACKGROUND

¶2 The agency employed the appellant as a WG-2 Housekeeping Aid. *Purifoy v. Department of Veterans Affairs*, MSPB Docket No. CH-0752-14-0185-I-1, Initial Appeal File (IAF), Tab 10a at 24. When he began employment with the agency in August 2011, he was on parole, having been sentenced to prison for felony burglary, and was subject to the supervision of a parole agent. *Id.* at 133. As part of his parole, he was required to report for visits every other week with his parole agent and to refrain from using illegal substances and alcohol. Hearing Transcript (HT) at 6-7 (testimony of the parole agent). The appellant admitted to violating his parole by using illegal drugs in October and December 2012. *Id.* at 6; IAF, Tab 35 at 18, 21. Although he was taken into custody, he was released in January 2013, placed on maximum supervision, required to sign rules of community supervision, and referred to community-based treatment. HT at 6 (testimony of the parole agent); IAF, Tab 35 at 18, 21-22. The appellant failed to report to his supervised visits on March 22 and April 2, 2013. HT at 6 (testimony of the parole agent); IAF, Tab 35 at 25-26. He also failed to report to work on April 4 and 5, 2013. IAF, Tab 10a at 57.

¶3 On April 8, 2013, after asking the proposing official[2] for permission, but without filling out the proper paperwork or contacting his first-line supervisor as instructed by the proposing official, the appellant was admitted via the emergency

---

[2] The appellant's third-line supervisor was the Acting Hospital Housekeeping Officer and served as the proposing official in this action. HT at 105, 107, 114 (testimony of the proposing official).

room to an agency substance abuse program. HT at 108 (testimony of the proposing official); IAF, Tab 10a at 39-40. He then was transferred to another agency facility's substance abuse program. IAF, Tab 10a at 40. During this time, although the appellant was required to contact his parole agent to notify her of his whereabouts, he did not do so. HT at 18-19 (testimony of the parole agent).

¶4 The parole agent directed the appellant to report to her office on May 1, 2013. *Id.* at 8-9. Thus, on May 1, 2013, the appellant was discharged from the agency facility by bus to report to his parole agent. IAF, Tab 9 at 9. He did not report to the parole agent. Accordingly, on May 4, 2013, the parole agent issued a warrant for his arrest based upon continued violations of his parole, as well as violations of the rules of community supervision that he had agreed to in January 2013, including the following: (1) failing to be present for a scheduled home visit on or about March 22, 2013; (2) failing to report for a scheduled office visit on or about April 2, 2013; (3) absconding from his supervision beginning on or about April 2, 2013, by leaving his whereabouts and activities unknown; (4) consuming alcohol, by his own admission, in April and May 2013; and (5) failing to report to the parole agent's office on or about May 2, 2013, as directed. IAF, Tab 35 at 7.

¶5 The appellant did not turn himself in to the detention facility until May 9, 2013. HT at 9-10 (testimony of the parole agent), 176-79 (testimony of the appellant); IAF, Tab 35 at 22. One week after arriving at the detention facility, he was offered the opportunity to enroll in a substance abuse treatment program, which was located within the detention facility. HT at 11-12 (testimony of the parole agent), 179-80 (testimony of the appellant); IAF, Tab 9 at 7, Tab 35 at 14-15. On June 4, 2013, the appellant agreed to enroll in the program within the detention facility, and he began treatment at the end of July 2013, when a new session started. HT at 11-13 (testimony of the parole agent), 179-80 (testimony of the appellant); IAF, Tab 9 at 7. On September 23, 2013, the appellant was found guilty of threatening another inmate and, therefore, was terminated from

the treatment program and returned to the general population of the detention facility on September 27, 2013. IAF, Tab 35 at 24, 27. He was released from the detention facility on November 4, 2013, and returned to work on November 7, 2013. HT at 14 (testimony of the parole agent), HT at 119 (testimony of the proposing official).

¶6    Although the proposing official told the appellant to inform his first-level supervisor that he would be away from work and that he needed to complete certain forms to request leave, the appellant failed to do so. HT at 108, 112-13, 118-19 (testimony of the proposing official). When the appellant returned to work, he still had not completed the necessary paperwork for his absence, as instructed by the proposing official. HT at 118-19 (testimony of the proposing official).

¶7    Meanwhile, the agency had issued the appellant a duty status letter on May 9, 2013, which was returned as undeliverable on May 30, 2013. IAF, Tab 10a at 81-82. On July 29, 2013, while the appellant was still in the detention facility, the agency proposed to remove him based upon one charge of absence without leave (AWOL) since April 4, 2013. *Id.* at 74-76. In response, the appellant asserted, among other things, that the proposing official allowed him to seek treatment in the agency facility. *Id.* at 61-70. After considering his response, the agency rescinded this proposal on October 8, 2013, and reissued another proposed removal that same date. *Id.* at 56-58. In the new proposed removal, the agency charged the appellant as follows: (1) 2 days of unauthorized absence on April 4 and April 5, 2013; and (2) an extended unauthorized absence due to incarceration of approximately 6 months beginning from the date he entered the detention facility on May 7, 2013, and continuing until the issuance of the proposal on October 8, 2013. *Id.* at 57-58. The appellant also responded to this proposal from the detention facility. *Id.* at 39-53. On October 29, 2013, while the appellant still was in the detention facility, the Medical Center Director

issued a decision sustaining both charges and imposing his removal, effective November 15, 2013. *Id.* at 27-29.

¶8 The appellant filed the instant appeal challenging his removal and requested a hearing. IAF, Tab 1. After holding a hearing, the administrative judge sustained charge 1, sustained charge 2 as to only the 5-week period from September 27 until November 4, 2013, and mitigated the removal to a 40-day suspension. IAF, Tab 40, Initial Decision (ID). Regarding the second charge, the administrative judge found that the agency had not proven that the appellant's absence was unauthorized until he was terminated from the substance abuse treatment program and returned to the general population of the detention facility on September 27, 2013. ID at 6-10.

¶9 The agency filed a petition for review challenging the administrative judge's decision to sustain only a portion of the second charge and to mitigate the penalty. Petition for Review (PFR) File, Tab 1. Without addressing whether the agency proved all of the second charge, the Board granted the agency's petition, finding that mitigation was not appropriate, and reinstated the appellant's removal. *Purifoy v. Department of Veterans Affairs*, MSPB Docket No. CH-0752-14-0185-I-1, Final Order (June 11, 2015). The appellant appealed the Board's final order to the Federal Circuit, which vacated the decision and remanded the case for further adjudication. *Purifoy v. Department of Veterans Affairs*, 838 F.3d 1367 (Fed. Cir. 2016). Specifically, the court found that the Board failed to properly consider the adequacy and effectiveness of alternative sanctions to deter similar misconduct in the future and the potential for the appellant's rehabilitation. *Id.* at 1371-73. The court instructed that, in considering the appellant's potential for rehabilitation on remand, the Board must afford "special deference" to the administrative judge's findings regarding the appellant's propensity for rehabilitation because these findings are "necessarily intertwined" with credibility findings. *Id.* at 1372-73. Further, the court

encouraged the Board to "revisit its analysis of these factors alongside all other relevant *Douglas* factors on remand." *Id.* at 1373.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶10 When the Board sustains all of an agency's charges, the Board may mitigate the agency's original penalty to the maximum reasonable penalty when it finds the agency's original penalty too severe. *Brough v. Department of Commerce*, [119 M.S.P.R. 118](), ¶ 9 (2013). Notwithstanding that authority, the Board has long held that, when all of the charges are sustained, even when some of the specifications are not, the agency's penalty determination is entitled to deference and should be reviewed only to determine if the agency considered all of the relevant factors and exercised its discretion within the tolerable limits of reasonableness.[3] *Id.* In doing so, the Board must give due weight to the agency's primary discretion in maintaining employee discipline and efficiency, recognizing that the Board's function is not to displace management's responsibility, but to ensure that managerial judgment has been exercised properly. *Id.*

¶11 In assessing the reasonableness of a penalty, the Board places primary importance upon the nature and seriousness of the offense and its relation to the appellant's duties, position, and responsibilities, including whether the offense was intentional or was repeated frequently. *Batara v. Department of the Navy*, [123 M.S.P.R. 278](), ¶ 8 (2016). The Board also will consider how the appellant's misconduct affected the agency's mission. *See Jones v. U.S. Postal Service*, [103 M.S.P.R. 561](), ¶ 21 (2006), *aff'd*, 214 F. App'x 984 (Fed. Cir. 2007).

¶12 For the reasons set forth below, and after careful consideration of our reviewing court's concerns, we find that the removal penalty is within the tolerable limits of reasonableness, particularly given the seriousness of the

---

[3] When, as here, the Board has not sustained the entire period of the appellant's extended absence, it will consider the penalty as if the charge was sustained but not all of the underlying specifications were sustained. *See Burroughs v. Department of the Army*, [918 F.2d 170](), 172 (Fed. Cir. 1990).

appellant's misconduct and the negative effect of his absence on the agency's ability to care for veterans, and we reinstate the removal penalty.

<u>The appellant's extended unauthorized absence was a serious offense that adversely affected the agency's mission of serving veterans.</u>

¶13    We find that the appellant's misconduct is serious and that, contrary to the administrative judge's finding, the fact that the agency did not prove all of the second charge does not lessen the seriousness of the misconduct.  ID at 11.  The administrative judge found that the proven misconduct was less severe than the agency's charge of unauthorized absence for 6 months because, ultimately, the agency only proved that the appellant's absence was unauthorized for 40 days (the 2 days noted in the first charge and the 38 days that followed his separation from the treatment program in the second charge).  *Id.*  However, the Board repeatedly has held that an appellant's extended absence is a serious offense and, even only considering the sustained length of time, the absence here was substantial.  *See, e.g.*, *McCauley v. Department of the Interior*, 116 M.S.P.R. 484, ¶¶ 2, 14 (2011) (stating that the appellant's misconduct was serious and supported the removal penalty when he had been absent for more than 20 consecutive workdays); *Thom v. Department of the Army*, 114 M.S.P.R. 169, ¶¶ 2, 7 (2010). Accordingly, we find that the seriousness of the appellant's misconduct weighs strongly in favor of reinstating the removal penalty.

¶14    In addition to the seriousness of the appellant's misconduct, we find that the effect of the appellant's extended absence on the agency's ability to accomplish its important mission weighs strongly in favor of reinstating the removal penalty. The deciding official testified, "my responsibility to the veterans that we serve is to make sure that there is a workforce available to . . . do the work."  HT at 79 (testimony of the deciding official).  He further testified that the appellant's position is essential because it keeps the medical center clean and meeting certain standards.  *Id.*  He also testified that, if there is insufficient staffing, it creates a burden for the facility and ". . . if [he is] unable to maintain the facility

appropriately because [he does] not have people to do so, then that creates a liability for the facility in the delivery of care to the veterans." *Id.* Additionally, the deciding official testified that the appellant's absence specifically affected the agency's mission because it required the agency to supplement its staff. *Id.* at 62. Accordingly, we find that the appellant's absence affected the agency's ability to accomplish its critical mission to care for veterans and that this serves as an aggravating factor. *See Leach v. Department of Veterans Affairs*, 107 M.S.P.R. 229, ¶¶ 14-15 (2007) (finding that the deciding official properly considered relevant factors such as the fact that the appellant's absence placed an additional workload on coworkers).

<u>The deciding official's loss of confidence in the appellant and his concern that the appellant's misconduct conveyed a negative message to other employees are also aggravating factors.</u>

¶15    Further, the deciding official testified that he did not think that the appellant "was going to come back and be a good employee" and, according to the *Douglas* factors worksheet, which the deciding official considered in imposing the appellant's removal, his supervisors "lost all confidence in his ability to perform his assigned duties" because he was not present to perform them. IAF, Tab 10a at 35; HT at 61, 66 (testimony of the deciding official). Thus, we find that this factor also weighs in favor of reinstating the removal penalty. *See Young v. U.S. Postal Service*, 79 M.S.P.R. 25, 40 (1998) (considering the deciding official's statement that he lost confidence in the appellant's ability to perform her position in sustaining her removal for AWOL). We also have considered as an overall aggravating factor the fact that, although the appellant's misconduct was not particularly notorious, the deciding official was concerned about the message that permitting the appellant's misconduct conveyed to other employees, the veterans, and the public. HT at 65 (testimony of the deciding official).

<u>The appellant's notice regarding a possible adverse action and the consistency of the agency's action with its table of penalties are not mitigating factors.</u>

¶16      Next, we find that the appellant's notice about possible agency adverse action in response to his absence and the consistency of the removal penalty with the table of penalties are not mitigating factors. The administrative judge found that, because the agency told the appellant that he could be away from work to obtain substance abuse treatment, he rightfully believed that his absence was authorized as long as he continued to be in treatment. ID at 12. We must defer to this finding, because it is "necessarily intertwined" with an analysis of the appellant's demeanor when he testified that he believed that he had permission to receive treatment. *See Purifoy*, 838 F.3d at 1373; HT at 196 (testimony of the appellant). Nevertheless, there is no basis for finding that the appellant believed that any permission from the agency to get treatment extended to the period when he was released into the general detention facility population after threats he made to another inmate, considering he was terminated from the treatment program at that time. ID at 9-10; HT at 108-09, 112-13 (testimony of the proposing official), 166 (testimony of the human resources specialist). Thus, we find that the fact that the agency told the appellant that he could receive treatment does not serve as a mitigating factor because the sustained conduct here occurred after he had received said treatment.

¶17      We also find that the removal penalty is consistent with the table of penalties and thus is not a mitigating factor. The administrative judge considered that a 40-day suspension was consistent with the agency's table of penalties for a third offense of unexcused or unauthorized absence. ID at 12; IAF, Tab 10a at 142, 144. However, the deciding official testified that the appellant's prolonged absence would have been considered more than a third offense. HT at 93 (testimony of the deciding official). In any event, even assuming that the appellant's misconduct only constituted a third offense, the agency's table of penalties provides that the penalty for a third offense of unexcused or

unauthorized absence is a 14-day suspension to removal. IAF, Tab 10a at 144. Therefore, while the administrative judge's analysis is correct that a 40-day suspension is consistent with the table of penalties, the penalty of removal also is consistent with the table of penalties. Accordingly, the agency's chosen penalty did not exceed that recommended by the table of penalties and is within the tolerable limits of reasonableness.

The agency's removal of other employees for prolonged unexcused absences and the deciding official's concern about the adequacy of a lesser penalty to deter future misconduct supports the removal penalty.

¶18      Next, we have considered that the agency has imposed removals in similar situations. According to the *Douglas* factors worksheet, the appellant's facility had removed a number of employees for extended, unexcused absences and AWOL, even when the employee had no previous discipline. IAF, Tab 10a at 35. We find that this factor favors reinstating the removal penalty.

¶19      Additionally, pursuant to the Federal Circuit's instructions, we have reconsidered "the adequacy and effectiveness of alternative sanctions to deter such conduct in the future by the employee or others." *Purifoy*, 838 F.3d at 1371-72 (citing *Douglas v. Veterans Administration*, 5 M.S.P.R. 280, 305-06 (1981)). The deciding official here expressed concerns about deterring similar misconduct by other employees and the message that imposing a lesser penalty would send to other employees. HT at 65-66 (testimony of the deciding official); IAF, Tab 10a at 38. The proposing official testified that he would object to the appellant returning to the workplace because of the negative precedent such an action would set. HT at 119-20 (testimony of the proposing official). We find that this demonstrates a proper exercise of management discretion and thus find that this factor supports reinstating the removal penalty. *See, e.g.*, *Washington v. U.S. Postal Service*, 35 M.S.P.R. 195, 200 (1987) (finding that the agency did not abuse its discretion in determining that a penalty less than the appellant's removal would be inadequate to deter the appellant's continued conduct).

<u>The mitigating factors do not outweigh the seriousness of the misconduct and the negative effect of his absence on the agency's ability to care for veterans.</u>

¶20 Consistent with the Federal Circuit's instruction, we also have reconsidered the appellant's potential for rehabilitation and find that it serves as a mitigating factor. *Purifoy*, 838 F.3d at 1372-73. The administrative judge found that the appellant cares about his job and, although he did not complete the substance abuse program in the detention facility, he continued to complete treatment and had not suffered a relapse. ID at 12; HT at 198 (testimony of the appellant). We defer to the administrative judge's finding, based upon these facts, that the appellant had a good potential for rehabilitation, because the finding implicitly relies on a determination that the appellant appeared credible at the hearing when he described his rehabilitative efforts. *See Purifoy*, 838 F.3d at 1372. Specifically, the appellant testified that he was attending meetings for substance abuse treatment three times per week and that he had not suffered a relapse since being released from the detention facility. HT at 198 (testimony of the appellant). We thus find that the appellant's potential for rehabilitation is a mitigating factor. *See Batara*, 123 M.S.P.R. 278, ¶ 18 (considering that the appellant's actions in completing a drug treatment program could constitute a mitigating factor demonstrating his potential for rehabilitation).

¶21 Further, we are sympathetic to the fact that the appellant was suffering from substance abuse and mental health issues during his absence. IAF, Tab 35 at 22. However, the administrative judge sustained the unexcused absence charge based upon the period after his discharge from the substance abuse program when he threatened another individual and not based upon his treatment in the program, thus diminishing the mitigating weight of this factor. ID at 6-10; *see Saiz v. Department of the Navy*, 122 M.S.P.R. 521, ¶ 14 (2015) (finding that the appellant's completion of inpatient and outpatient drug and alcohol treatment was a mitigating factor but that the value of this factor was diminished by the fact that he did not participate in this treatment until after the incident in question).

¶22    We also have considered other mitigating factors. In particular, the appellant's 2 years, 9 months, and 12 days of military service is a mitigating factor. IAF, Tab 10a at 134; *see Boo v. Department of Homeland Security*, 122 M.S.P.R. 100, ¶ 21 (2014) (finding that the appellant's lengthy military service was a mitigating factor). Likewise, we agree with the administrative judge that, because the appellant's job duties did not involve supervision or fiduciary duties and his position was not prominent, the nature of his position is a mitigating factor. ID at 11-12; IAF, Tab 10a at 34. Nevertheless, because the deciding official was concerned that the appellant's position required him to interact with veterans, their families, and the public, we find that the mitigating weight of this factor similarly is diminished. IAF, Tab 10a at 34.

¶23    Next, we find that the appellant's excellent job performance is a mitigating factor. He began employment with the agency as a Housekeeping Aid on August 14, 2011. *Id.* at 129. The agency quickly promoted him, effective April 22, 2012. *Id.* at 121. The appellant received fully successful or excellent ratings in all elements and received an overall excellent rating in his performance appraisal that covered the period from April 13 to September 30, 2012. *Id.* at 122-27; *see Suggs v. Department of Veterans Affairs*, 113 M.S.P.R. 671, ¶ 12 (2010) (considering mitigating factors such as the appellant's selection for a promotion and an "outstanding" rating on his last performance appraisal), *aff'd*, 415 F. App'x 240 (Fed. Cir. 2011). Additionally, as the administrative judge found, prior to his absence, the appellant did not have a disciplinary record, which weighs in favor of mitigation. ID at 11; *see Saiz*, 122 M.S.P.R. 521, ¶ 13.

¶24    However, despite the appellant's favorable job performance, he only was employed with the agency from August 2011, to November 2013, and, during that time, he was in treatment or otherwise in the detention facility from April until November 2013. HT at 14 (testimony of the parole agent); IAF, Tab 10a at 27-29, 129. Thus, we find that the fact that he actually worked at the agency for fewer than 2 years diminishes the mitigating value of his job performance.

*See Simmons v. Department of the Air Force*, 99 M.S.P.R. 28, ¶¶ 41, 44 (2005) (finding that the deciding official properly considered that the appellant committed the charged misconduct after being employed with the agency for only approximately 18 months), *aff'd sub. nom. Gebhardt v. Department of the Air Force*, 186 F. App'x 996 (Fed. Cir. 2006).

¶25    Based upon the foregoing, we find that, despite several mitigating factors, including the appellant's potential for rehabilitation and his excellent—but brief—job performance, the agency exercised its discretion within the tolerable limits of reasonableness by removing the appellant based upon the seriousness of his extended absence for 40 days, its effect on the agency's ability to care for veterans, and the deciding official's concerns about imposing a lesser penalty. *See McCauley*, 116 M.S.P.R. 484, ¶¶ 2, 14 (sustaining the appellant's removal based upon her absence for more than 20 consecutive workdays); *Thom*, 114 M.S.P.R. 169, ¶¶ 2, 7 (finding that removal was a reasonable penalty for AWOL of almost 1 month); *Maddux v. Department of the Air Force*, 68 M.S.P.R. 644, 645-46 (1995) (finding that removal was a reasonable penalty for approximately 2 weeks of AWOL, despite the fact that there were mitigating factors, including the employee's personal issues). Accordingly, the removal penalty is reinstated.

## NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction.  If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements.  Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case.  If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**.  As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision.  5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation

for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. ____ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** after you receive this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3)** **<u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your

---

[5]  The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

petition for review within **60 days** of <u>the date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

> <u>http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx</u>.

FOR THE BOARD:                       /s/ for
                                    _____
                                     Jennifer Everling
                                     Acting Clerk of the Board
Washington, D.C.